**B1 (Official Form 1) (4/10)**

| United States Bankruptcy Court<br>Northern District of New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Olden, Jami K. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>fka R & J Construction | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):   0928 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City,  and State)<br>43 Smith Street<br>Warrensburg, NY<br>ZIPCODE  12885 | Street Address of Joint Debtor (No. and Street, City, and State<br>ZIPCODE |
| County of Residence or of the Principal Place of Business:<br>Warren | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIPCODE | |

**Type of Debtor**
(Form of Organization)
(Check **one** box)

- [x] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities,
  check this box and state type of entity below.)

_____

**Nature of  Business**
(Check **one**  box)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in
  11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

N.A.

**Tax-Exempt Entity**
(Check box, if applicable)

- [ ] Debtor is a tax-exempt organization
  under Title 26 of the United States
  Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which
the Petition is Filed** (Check one box)

- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for
  Recognition of a Foreign
  Main Proceeding
- [ ] Chapter 15 Petition for
  Recognition of a Foreign
  Nonmain Proceeding

**Nature of Debts**
(Check one box)

- [x] Debts are primarily consumer
  debts, defined in 11 U.S.C.
  §101(8) as "incurred by an
  individual primarily for a
  personal, family, or household
  purpose."
- [ ] Debts are primarily
  business debts

**Filing Fee** (Check one box)

- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (Applicable to individuals only)   Must attach
  signed application for the court's consideration certifying that the debtor is unable
  to pay fee except in installments. Rule 1006(b). See Official Form No. 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only).  Must
  attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business as defined in 11 U.S.C. § 101(51D)
- [ ] Debtor is not a small business as defined in 11 U.S.C. § 101(51D)

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to
  insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on
  4/1/13 and every three years thereafter).*

- - - - - - - - - - - - - - - - - - - - - - - - -

Check all applicable boxes
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or
  more classes, in accordance with  11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for
  distribution to unsecured creditors.

THIS SPACE IS FOR
COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1000-<br>5000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Liabilities

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Jami K. Olden |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location Where Filed:   Northern District of New York | Case Number:   10-13793 (BK13) | Date Filed:   10/9/2010 |
| Location Where Filed:   Northern District of New York | Case Number:   09-11347 (BK13) | Date Filed:   4/17/2009 |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:   NONE | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11) | (To be completed if debtor is an individual whose debts are primarily consumer debts) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐   Exhibit A is attached and made a part of this petition. | X    /s/ Edwin M. Adeson, Esq.      4/27/2011 <br>      Signature of Attorney for Debtor(s)     Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
**(Check any applicable box)**

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United Sates in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
**(Check all applicable boxes)**

☐   Landlord has a judgment for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable non bankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

| B1 (Official Form 1) (4/10) | Page 3 |
|---|---|

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> Jami K. Olden |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** /s/ Jami K. Olden
_____
Signature of Debtor

**X** _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

4/27/2011
_____
Date

### Signature of Attorney*

**X** /s/ Edwin M. Adeson, Esq.
_____
Signature of Attorney for Debtor(s)

EDWIN M. ADESON, ESQ. 507703
_____
Printed Name of Attorney for Debtor(s)

Law Offices Of Edwin M. Adeson
_____
Firm Name

485 Glen Street
_____
Address

Glens Falls, NY 12801
_____

518-745-0206
_____
Telephone Number

4/27/2011
_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
(Date)

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, 2) I prepared this document for compensation, and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. § 110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

_____

**X** _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

B1 D (Official Form 1, Exhibit D ) (12/09)

# UNITED STATES BANKRUPTCY COURT
## Northern District of New York

In re_Jami K. Olden_____        Case No._____
                    Debtor(s)                                        (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1.  Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2.  Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B1 D (Official Form 1, Exh. D) (12/09) – Cont.                                                      Page 2

□  3.   I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.  *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency.  Failure to fulfill these requirements may result in dismissal of your case.  Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

□  4.   I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
　　　□  Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
　　　□  Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.**);**
　　　□  Active military duty in a military combat zone.

□  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district**.**

　　　**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  _____/s/ Jami K. Olden_____

　　　　　　　　　　　　　　　JAMI K. OLDEN

Date:  ___4/27/2011_____

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

**B6 Cover (Form 6 Cover) (12/07)**


# FORM 6. SCHEDULES

Summary of Schedules
Statistical Summary of Certain Liabilities and Related Data (28 U.S.C. § 159)

Schedule A - Real Property
Schedule B - Personal Property
Schedule C - Property Claimed as Exempt
Schedule D - Creditors Holding Secured Claims
Schedule E - Creditors Holding Unsecured Priority Claims
Schedule F - Creditors Holding Unsecured Nonpriority Claims
Schedule G - Executory Contracts and Unexpired Leases
Schedule H - Codebtors
Schedule I - Current Income of Individual Debtor(s)
Schedule J - Current Expenditures of Individual Debtor(s)

Unsworn Declaration under Penalty of Perjury


GENERAL INSTRUCTIONS: The first page of the debtor's schedules and the first page of any amendments thereto must contain a caption as in Form 16B. Subsequent pages should be identified with the debtor's name and case number. If the schedules are filed with the petition, the case number should be left blank


Schedules D, E, and F have been designed for the listing of each claim only once. Even when a claim is secured only in part or entitled to priority only in part, it still should be listed only once. A claim which is secured in whole or it part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed on Schedule E only. Do not list the same claim twice. If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately.


Review the specific instructions for each schedule before completing the schedule.

**B6A (Official Form 6A) (12/07)**

In re  Jami K. Olden
          **Debtor**

Case No. _____
                    **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C – Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Single Family Residence<br><br>43 Smith Street<br>Warrensburg, NY 12885 | Fee Simple | | 70,000.00 | 72,249.31 |
| | | Total ➤ | 70,000.00 | |

(Report also on Summary of Schedules.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

**B6B (Official Form 6B) (12/07)**

In re  Jami K. Olden                                                                    Case No.
            _____                                         _____
            **Debtor**                                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | | Cash On Hand | | 30.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Key Bank Checking Account | | 480.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | Washer, Dryer, Range, Oven, Refrigerator, 2 Beds, 2 Dressers, Couch, Table And Chairs, Computer, 13" And 27" Televisions | | 3,700.00 |
| 5.  Books. Pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | Men's And Children's Clothing | | 400.00 |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.  Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

In re   Jami K. Olden                                          Case No. _____
              **Debtor**                                                          **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlement to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate or a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights of setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. §101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2002 Ford Explorer w/148,000 Miles | | 3,275.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | 2005 JCB Excavator JS 130<br>2004 Case Bulldozer 650K w/4100 Hours<br>Misc. Hand Tools, Shovel, Rakes, Lazer Level | | 18,500.00<br>10,750.00<br>300.00 |

In re   <u> Jami K. Olden </u>        Case No. <u>                     </u>

         **Debtor**                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | <u>    0    </u> continuation sheets attached    Total | | $      37,435.00 |

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

**B6C (Official Form 6C) (04/10)**

In re   Jami K. Olden _____     Case No. _____
         **Debtor**                                                  **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☑  11 U.S.C. § 522(b)(2)           ☐  Check if debtor claims a homestead exemption that exceeds
☐  11 U.S.C. § 522(b)(3)                 $146,450*.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Key Bank Checking Account | 11 U.S.C. 522(d)(5) | 480.00 | 480.00 |
| Cash On Hand | 11 U.S.C. 522(d)(5) | 745.00 | 30.00 |
| Washer, Dryer, Range, Oven, Refrigerator, 2 Beds, 2 Dressers, Couch, Table And Chairs, Computer, 13" And 27" Televisions | 11 U.S.C. 522(d)(3) | 3,700.00 | 3,700.00 |
| Men's And Children's Clothing | 11 U.S.C. 522(d)(3) | 400.00 | 400.00 |
| 2002 Ford Explorer w/148,000 Miles | 11 U.S.C. 522(d)(2) | 3,450.00 | 3,275.00 |
| 2004 Case Bulldozer 650K w/4100 Hours | 11 U.S.C. 522(d)(5) | 10,750.00 | 10,750.00 |
| Misc. Hand Tools, Shovel, Rakes, Lazer Level | 11 U.S.C. 522(d)(6) | 2,175.00 | 300.00 |

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**B6D (Official Form 6D) (12/07)**

In re _____Jami K. Olden_____,    Case No. _____
             **Debtor**                                                                            **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 023456193<br><br>BAC Home Loans<br>  Servicing LP<br>PO Box 5170<br>Simi Valley, CA 93062-5170 | | | Lien: Second Mortgage Lien<br>Security: Single Family Residence<br><br><br>VALUE $      70,000.00 | | | | 14,370.87 | 2,249.31<br>This amount based upon existence of Superior Liens |
| ACCOUNT NO. 170-0118914-001<br><br>Diversified Financial<br>  Services<br>PO Box 95662<br>Chicago, IL 60694-5662 | | | Lien: For Informational Purposes<br>Security: 2005 JCB Excavator JS 130<br><br>VALUE $     18,500.00 | | | | 0.00 | 0.00 |
| ACCOUNT NO. 170-0118914-001<br><br>Diversified Financial Svcs<br>c/o Gross & Welch PC LLO<br>Attn: Sheryl L. Lohaus<br>2120 South 72nd St, #1500<br>Omaha, NE 68124 | | | Lien: 2005 JCB Excavator JS 130 Lien<br>Security: 2005 JCB Excavator JS 130<br><br><br>VALUE $     18,500.00 | | | | 37,938.00 | 19,438.00 |

__1_____ continuation sheets attached

Subtotal ▶ | $   52,308.87 | $  21,687.31
(Total of this page)

Total ▶ | $ | $
(Use only on last page)

(Report also on Summary of Schedules)        (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

**B6D (Official Form 6D) (12/07) – Cont.**

In re   Jami K. Olden   _____,        Case No. _____

          **Debtor**                                                              **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 170-0118914-001<br><br>Diversified Financial Svcs<br>c/o Industrial Retail Group<br>625 Maryville Centre Drive<br>Suite #100<br>St. Louis, MO 63141 | | | Lien: For Informational Purposes<br>Security: 2005 JCB Excavator JS 130<br><br>VALUE $     18,500.00 | | | | 0.00 | 0.00 |
| ACCOUNT NO. 170-0118914-001<br><br>Diversified Financial Svcs<br>c/o Saunders Kahler LLP<br>Attn: Merritt Locke Esq.<br>185 Genesee St., #1400<br>Utica, NY 13501 | | | Lien: For Informational Purposes<br>Security: 2005 JCB Excavator JS 130<br><br>VALUE $     18,500.00 | | | | 0.00 | 0.00 |
| ACCOUNT NO. 800437327<br><br>Glens Falls National Bank<br>250 Glen Street<br>Glens Falls, NY 12801 | | | Lien: 2002 Ford Explorer Lien<br>Security: 2002 Ford Explorer<br><br>VALUE $     3,275.00 | | | | 5,942.47 | 2,667.47 |
| ACCOUNT NO. 800437327<br><br>Glens Falls National Bank<br>Collections Department<br>PO Box 307<br>Glens Falls, NY 12801-0307 | | | Lien: For Informational Purposes<br>Security: 2002 Ford Explorer<br><br>VALUE $     3,275.00 | | | | 0.00 | 0.00 |
| ACCOUNT NO. 0012588356<br><br>Select Portfolio<br>  Servcing, Inc.<br>Attn: Bankruptcy Dept.<br>PO Box 65250<br>Salt Lake City, UT 84165 | | | Lien: First Mortgage Lien<br>Security: Single Family Residence<br><br>VALUE $     70,000.00 | | | | 57,878.44 | 0.00 |

Sheet no. \_1\_ of \_1\_ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal (s) ►
(Total(s) of this page)

Total(s) ►
(Use only on last page)

| | |
|---|---|
| $   63,820.91 | $   2,667.47 |
| $  116,129.78 | $  24,354.78 |

(Report also on Summary of Schedules)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

**B6E (Official Form 6E) (04/10)**

In re ___Jami K. Olden_____,        Case No._____
               Debtor                                                  (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

**B6E (Official Form 6E) (04/10) - Cont.**

In re___Jami K. Olden_____,    Case No._____
                 Debtor                                                       (if known)

☐   **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐   **Deposits by individuals**

    Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☑   **Taxes and Certain Other Debts Owed to Governmental Units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

    *Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

              1___ **continuation sheets attached**

B6E (Official Form 6E) (04/10) - Cont.

In re  Jami K. Olden                                        ,          Case No. _____
                        **Debtor**                                                        **(If known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)        Sec. 507(a)(8)

Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above..)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  x0928 <br><br> Internal Revenue Service <br> PO Box 219690 <br> Kansas City, MO <br> 64121-9690 | | | Consideration: For Informational Purposes | | | | 0.00 | 0.00 | 0.00 |
| ACCOUNT NO.  x0928 <br><br> Internal Revenue Service <br> PO Box 7346 <br> Philadelphia, PA <br> 19101-7346 | | | Consideration: IRS Tax Debt | | | | 1,383.98 | 1,383.98 | 0.00 |
| ACCOUNT NO. <br><br> | | | | | | | | | |
| ACCOUNT NO. <br><br> | | | | | | | | | |

Sheet no. __1__ of __1__ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotal <br> (Totals of this page) | $  1,383.98 | $ | $ |
| Total <br> (Use only on last page of the completed Schedule E.)  Report also on the Summary of Schedules) | $  1,383.98 | | |
| Totals <br> (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | $ | $  1,383.98 | $    0.00 |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

B6F (Official Form 6F) (12/07)

In re ___Jami K. Olden_____,    Case No. _____
         **Debtor**    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).  Do not include claims listed in Schedules D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  69758<br><br>Able Tractor And Equipment Co., Inc.<br>72 Everett Road<br>Albany, NY 12205-1418 | | | Consideration: Consumer Debt | | | | 1,859.44 |
| ACCOUNT NO.  4862 3624 8514 9465<br><br>Capital One Bank<br>PO Box 30285<br>Salt Lake City, UT 84130-0285 | | | Consideration: For Informational Purposes Re: Account Transferred To LVNV Funding LLC | | | | 0.00 |
| ACCOUNT NO.  4862 3624 8514 9465<br><br>Capital One Bank<br>PO Box 5155<br>Norcross, GA 30091 | | | Consideration: For Informational Purposes Re: Account Transferred To LVNV Funding LLC | | | | 0.00 |
| ACCOUNT NO.  4862 3624 8514 9465<br><br>Capital One Bank<br>PO Box 71083<br>Charlotte, NC 28272-1083 | | | Consideration: For Informational Purposes Re: Account Transferred To LVNV Funding LLC | | | | 0.00 |

   __15___continuation sheets attached                         Subtotal ➤  $    1,859.44

Total ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

B6F (Official Form 6F) (12/07) - Cont.

In re   Jami K. Olden_____,          Case No. _____
          **Debtor**                                                   **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  4862 3624 8514 9465<br><br>Capital One Bank<br>PO Box 85167<br>Richmond, VA 23285-5167 | | | Consideration: For Informational Purposes Re: Account Transferred To LVNV Funding LLC | | | | 0.00 |
| ACCOUNT NO.  4266 8411 3683 2845<br><br>Chase Bank USA NA<br>800 Brooksedge Boulevard<br>Westerville, OH 43081 | | | Consideration: For Informational Purposes | | | | 0.00 |
| ACCOUNT NO.  4266 8411 3683 2845<br><br>Chase Bank USA NA<br>c/o Cardmember Service<br>PO Box 15153<br>Wilmington, DE 19886-5153 | | | Consideration: Consumer Debt | | | | 1,453.57 |
| ACCOUNT NO.   4266 8411 3683 2845<br><br>Chase Bank USA NA<br>c/o Cardmember Service<br>PO Box 15298<br>Wilmington, DE 19850-5298 | | | Consideration: For Informational Purposes | | | | 0.00 |
| ACCOUNT NO.  4266 8411 3683 2845<br><br>Chase Bank USA NA<br>c/o Frederick J. Hanna<br> & Associates, PC<br>1427 Roswell Road<br>Marietta, GA 30062 | | | Consideration: For Informational Purposes Re: Ref No. 08410639 | | | | 0.00 |

Sheet no. __1__ of __15__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

    Subtotal ➤  $      1,453.57

    Total ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

B6F (Official Form 6F) (12/07) - Cont.

In re   Jami K. Olden_____,        Case No. _____
                    **Debtor**                                                    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  5424 1805 6063 0813<br><br>Citibank (South Dakota) NA<br>701 East 60th Street North<br>Sioux Falls, SD 57117 | | | Consideration: For Informational Purposes Re: Account Transferred To PRA Receivables Mgt LLC | | | | 0.00 |
| ACCOUNT NO.  5424 1805 6063 0813<br><br>Citibank (South Dakota) NA<br>c/o Academy Collection<br> Service, Inc.<br>PO Box 16119<br>Philadelphia, PA 19114 | | | Consideration: For Informational Purposes Re: Account Transferred To PRA Receivables Mgt LLC; Ref No. 15927823 | | | | 0.00 |
| ACCOUNT NO.  5424 1805 6063 0813<br><br>Citibank (South Dakota) NA<br>PO Box 6500<br>Sioux Falls, SD 57117 | | | Consideration: For Informational Purposes Re: Account Transferred To PRA Receivables Mgt LLC | | | | 0.00 |
| ACCOUNT NO.  8530277785<br><br>Citibank USA NA<br>701 East 60th Street North<br>Sioux Falls, SD 57117 | | | Consideration: For Informational Purposes Re: Account Transferred To Midland Funding LLC | | | | 0.00 |
| ACCOUNT NO.  8530277785<br><br>Citibank USA NA<br>PO Box 6500<br>Sioux Falls, SD 57117 | | | Consideration: For Informational Purposes Re: Account Transferred To Midland Funding LLC | | | | 0.00 |

Sheet no. _2_ of _15_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ | 0.00

Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

B6F (Official Form 6F) (12/07) - Cont.

In re    Jami K. Olden _____,    Case No. _____

           **Debtor**                                                                     **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   R29<br><br>Commercial Truck And  Equipment Sales, Inc.<br>c/o The Clements Firm<br>PO Box 598, 21 Bay Street<br>Glens Falls, NY 12801 | | | Consideration: Consumer Debt | | | | 987.96 |
| ACCOUNT NO.   R29<br><br>Commercial Truck And  Equipment Sales, Inc.<br>PO Box 476<br>Glens Falls, NY 12801 | | | Consideration: For Informational Purposes | | | | 0.00 |
| ACCOUNT NO.   Q405750065<br><br>Erie Insurance<br>c/o RMS<br>77 Hartland St., Ste #401<br>PO Box 280431<br>East Hartford, CT 06128 | | | Consideration: For Informational Purposes Re: RMS Claim No. 578830601 | | | | 0.00 |
| ACCOUNT NO.   Q405750065<br><br>Erie Insurance<br>Collection Department<br>100 Erie Insurance Place<br>Erie, PA 16530 | | | Consideration: Consumer Debt Re: RMS Claim No. 578830601 | | | | 2,480.50 |
| ACCOUNT NO.   Q405750065<br><br>Erie Insurance<br>PO Box 1699<br>Erie, PA 16530 | | | Consideration: For Informational Purposes Re: RMS Claim No. 578830601 | | | | 0.00 |

Sheet no.   3   of   15   continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤   $      3,468.46

Total ➤   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

**B6F (Official Form 6F) (12/07) - Cont.**

In re   Jami K. Olden                                                ,          Case No. _____
         **Debtor**                                                                                    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   379643 <br><br> Everett J. Prescott, Inc. <br> c/o Burt And Associates <br> 5204 Tennyson Parkway <br> Suite #300 <br> Plano, TX 75024 | | | Consideration: Consumer Debt | | | | 5,130.96 |
| ACCOUNT NO.   Index No. 227546 <br><br> First Niagara Bank <br> 726 Exchange Street <br> Suite #900 <br> Buffalo, NY 14210 | | | Consideration: For Informational Purposes Re: Judgment Entered 1/28/2009 | | | | 0.00 |
| ACCOUNT NO.   Index No. 227546 <br><br> First Niagara Bank <br> c/o Schiller & Knapp LLP <br> 950 New Loudon Road <br> Latham, NY 12110 | | | Consideration: Consumer Debt Re: Judgment Entered 1/28/2009 | | | | 134,347.00 |
| ACCOUNT NO.   Index No. 227546 <br><br> First Niagara Bank <br> Loan Servicing Dept. <br> PO Box 514 <br> 6950 South Transit Road <br> Lockport, NY 14095 | | | Consideration: For Informational Purposes Re: Judgment Entered 1/28/2009 | | | | 0.00 |
| ACCOUNT NO.   Index No. 227546 <br><br> First Niagara Bank <br> PO Box 28 <br> Buffalo, NY 14240-0028 | | | Consideration: For Informational Purposes Re: Judgment Entered 1/28/2009 | | | | 0.00 |

Sheet no.  4  of  15  continuation sheets attached
to Schedule of  Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤  $        139,477.96

Total ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

**B6F (Official Form 6F) (12/07) - Cont.**

In re   Jami K. Olden                                            ,          Case No. _____
　　　　　　　　　**Debtor**                                                    　　　　　　　　　**(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  5178 0072 3930 4090 First Premier Bank c/o Pinnacle Financial  Group, Suite 310 7825 Washington Ave S Minneapolis, MN 55439 | | | Consideration: For Informational Purposes | | | | 0.00 |
| ACCOUNT NO.  5178 0072 3930 4090 First Premier Bank c/o Premier BankCard PO Box 2208 Vacaville, CA 95696 | | | Consideration: Consumer Debt | | | | 748.30 |
| ACCOUNT NO.  5178 0072 3930 4090 First Premier Bank PO Box 5519 Sioux Falls, SD 57117-5519 | | | Consideration: For Informational Purposes | | | | 0.00 |
| ACCOUNT NO.  5178 0072 3930 4090 First Premier Bank PO Box 5524 Sioux Falls, SD 57117-5524 | | | Consideration: For Informational Purposes | | | | 0.00 |
| ACCOUNT NO.  7021 273 2163 9345 Fortis Capital c/o Curtis O. Barnes, PC PO Box 1390 Anaheim, CA 92815-1390 | | | Consideration: Consumer Debt Re: File No. 1400480523005; Original Creditor: Best Buy Internet | | | | 3,624.39 |

Sheet no.  5   of  15   continuation sheets attached
to Schedule of  Creditors Holding Unsecured
Nonpriority Claims

| | | |
|---|---|---|
| Subtotal ➤ | $ | 4,372.69 |
| Total ➤ | $ | |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

B6F (Official Form 6F) (12/07) - Cont.

In re   Jami K. Olden                                    ,          Case No. _____
                    **Debtor**                                                              **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  800285634 <br><br> Glens Falls National Bank <br> 250 Glen Street <br> Glens Falls, NY 12801 | | | Consideration: Deficiency Debt <br> Re: 2003 Ford F550 Truck Repossessed 3/2009 | | | | 17,710.00 |
| ACCOUNT NO.  800285634 <br><br> Glens Falls National Bank <br> Recovery Department <br> PO Box 307 <br> Glens Falls, NY 12801 | | | Consideration: For Informational Purposes <br> Re: 2003 Ford F550 Truck Repossessed 3/2009 | | | | 0.00 |
| ACCOUNT NO.  6035 3225 3572 2452 <br><br> Home Depot <br>  Credit Services <br> PO Box 653000 <br> Dallas, TX 75265-3000 | | | Consideration: For Informational Purposes | | | | 0.00 |
| ACCOUNT NO.  6035 3225 3572 2452 <br><br> Home Depot <br>  Credit Services <br> Processing Center <br> Des Moines, IA <br> 50364-0500 | | | Consideration: For Informational Purposes | | | | 0.00 |
| ACCOUNT NO.  6035 3225 3572 2452 <br><br> Home Depot PROX <br> c/o PRO Consulting <br>  Services, Inc. <br> PO Box 66768 <br> Houston, TX 77266-6768 | | | Consideration: Consumer Debt | | | | 1,180.14 |

Sheet no. __6__ of __15__ continuation sheets attached
to Schedule of  Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ | 18,890.14

Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

**B6F (Official Form 6F) (12/07) - Cont.**

In re  Jami K. Olden                                                    ,          Case No. _____
      **Debtor**                                                                                **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  135458<br><br>John Ray And Sons<br>2900 6th Avenue<br>Troy, NY 12180 | | | Consideration: For Informational Purposes<br>Re: Ref No. 215681-0 | | | | 0.00 |
| ACCOUNT NO.  135458<br><br>John Ray And Sons<br>c/o TCAR<br>PO Box 589<br>Burnt Hills, NY 12027 | | | Consideration: Consumer Debt<br>Re: Ref No. 215681-0 | | | | 1,955.58 |
| ACCOUNT NO.  Index No. 51596/08<br><br>Kay Jewelers<br>PO Box 1799<br>Akron, OH 44309-1799 | | | Consideration: For Informational Purposes<br>Re: Judgment Entered; Account Transferred To Northstar Capital Acquisition LLC; Account No. 3052701362; Ref No. D563052701362; Account No. x8888 | | | | 0.00 |
| ACCOUNT NO.  661310<br><br>Liftech Equipment Companies<br>6847 Ellicott Drive<br>E. Syracuse, NY 13057 | | | Consideration: For Informational Purposes | | | | 0.00 |
| ACCOUNT NO.  661310<br><br>Liftech Equipment Companies<br>PO Box 2556<br>Buffalo, NY 14240-2556 | | | Consideration: Consumer Debt | | | | 1,290.46 |

Sheet no.  7   of  15   continuation sheets attached
to Schedule of  Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤  | $ | 3,246.04

Total ➤  | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

B6F (Official Form 6F) (12/07) - Cont.

In re   Jami K. Olden                                    ,          Case No. _____
                    **Debtor**                                                        **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  4862 3624 8514 9465<br><br>LVNV Funding LLC<br>9700 Bissonet<br>Suite #200<br>Houston, TX 77036 | | | Consideration: For Informational Purposes<br>Re: Original Creditor: Capital One Bank;<br>Ref No. 11447084 | | | | 0.00 |
| ACCOUNT NO.  4862 3624 8514 9465<br><br>LVNV Funding LLC<br>c/o Resurgent Capital<br>  Services LP<br>PO Box 10587<br>Greenville, SC 29603-0587 | | | Consideration: Consumer Debt<br>Re: Original Creditor: Capital One Bank;<br>Ref No. 11447084 | | | | 1,391.06 |
| ACCOUNT NO.  4862 3624 8514 9465<br><br>LVNV Funding LLC<br>c/o Tate & Kirlin Associates<br>2810 Southampton Road<br>Philadelphia, PA 19154 | | | Consideration: For Informational Purposes<br>Re: Original Creditor: Capital One Bank;<br>Ref No. 11447084 | | | | 0.00 |
| ACCOUNT NO.  4862 3624 8514 9465<br><br>LVNV Funding LLC<br>PO Box 10497<br>Greenville, SC 29603 | | | Consideration: For Informational Purposes<br>Re: Original Creditor: Capital One Bank;<br>Ref No. 11447084 | | | | 0.00 |
| ACCOUNT NO.  8530277785<br><br>Midland Funding LLC<br>c/o Midland Credit<br>  Management, Inc.<br>8875 Aero Drive, Ste #200<br>San Diego, CA 92123 | | | Consideration: Consumer Debt<br>Re: Original Creditor: Citibank USA NA | | | | 2,127.84 |

Sheet no. __8__ of __15__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤  | $ | 3,518.90

Total ➤  | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

B6F (Official Form 6F) (12/07) - Cont.

In re   Jami K. Olden                                           ,          Case No. _____
                        **Debtor**                                                              **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  8530277785<br><br>Midland Funding LLC<br>c/o Midland Credit<br> Management, Inc.<br>Department 60578<br>Los Angeles, CA 90060 | | | Consideration: For Informational Purposes<br>Re: Original Creditor: Citibank USA NA | | | | 0.00 |
| ACCOUNT NO.  CACV58791<br><br>NGM Insurance Co./The<br> Main Street America Group<br>PO Box 20004<br>55 West Street<br>Keene, NH 03431 | | | Consideration: For Informational Purposes | | | | 0.00 |
| ACCOUNT NO.  CACV58791<br><br>NGM Insurance Company<br>Attn: Marlin J. Crawford<br>Law Department<br>55 West Street<br>Keene, NH 03431 | | | Consideration: Consumer Debt | | | | 6,916.18 |
| ACCOUNT NO.  Index No. 51596/08<br><br>North Star Capital<br> Acquisition LLC<br>c/o Forster & Garbus Esqs.<br>60 Motor Parkway<br>Commack, NY 11725 | | | Consideration: For Informational Purposes<br>Re: Judgment Entered, A/P/O Kay Jewelers;<br>Account No. 3052701362; Ref No.<br>D563052701362; Account No. x8888 | | | | 0.00 |
| ACCOUNT NO.  Index No. 51596/08<br><br>North Star Capital<br> Acquisition LLC<br>c/o Forster & Garbus Esqs.<br>PO Box 9030<br>Commack, NY 11725-9030 | | | Consideration: Consumer Debt<br>Re: Judgment Entered, A/P/O Kay Jewelers;<br>Account No. 3052701362; Ref No.<br>D563052701362; Account No. x8888 | | | | 2,218.26 |

Sheet no.  9   of  15   continuation sheets attached
to Schedule of  Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ | 9,134.44

Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

B6F (Official Form 6F) (12/07) - Cont.

In re  Jami K. Olden                                                  ,        Case No. _____
           **Debtor**                                                                              **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  Index No. 51596/08 <br><br> North Star Capital  Acquisition LLC <br> 170 N Pointe Parkway <br> Suite 300 <br> Amherst, NY 14228 | | | Consideration: For Informational Purposes <br> Re: Judgment Entered, A/P/O Kay Jewelers; <br> Account No. 3052701362; Ref No. <br> D563052701362; Account No. x8888 | | | | 0.00 |
| ACCOUNT NO.  Index No. 51596/08 <br><br> North Star Capital  Acquisition LLC <br> Jefferson Capital Systems <br> 16 McLeland Road <br> St. Cloud, MN 56303 | | | Consideration: For Informational Purposes <br> Re: Judgment Entered, A/P/O Kay Jewelers; <br> Account No. 3052701362; Ref No. <br> D563052701362; Account No. x8888 | | | | 0.00 |
| ACCOUNT NO.  Index No. 51596/08 <br><br> North Star Capital  Acquisition LLC <br> Jefferson Capital Systems <br> PO Box 23051 <br> Columbus, GA 31902-3051 | | | Consideration: For Informational Purposes <br> Re: Judgment Entered, A/P/O Kay Jewelers; <br> Account No. 3052701362; Ref No. <br> D563052701362; Account No. x8888 | | | | 0.00 |
| ACCOUNT NO.  Index No. 2008-1587 <br><br> Pallette Stone Corporation  And Jointa Galusha LLC <br> c/o Hamilton Watt PLLC <br> 480 Broadway, Suite 250 <br> Saatoga Springs, NY 12866 | | | Consideration: Consumer Debt <br> Re: Judgment Entered 6/25/2008; Account <br> No. 71859 and 18097 | | | | 38,329.86 |
| ACCOUNT NO.  Index No. 2008-1587 <br><br> Pallette Stone Corporation  And Jointa Galusha LLC <br> PO Box 4550 <br> 373 Washington Street <br> Saratoga Spings, NY 12866 | | | Consideration: For Informational Purposes <br> Re: Judgment Entered 6/25/2008; Account <br> No. 71859 and 18097 | | | | 0.00 |

Sheet no.  10  of  15  continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤  $  38,329.86

Total ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

B6F (Official Form 6F) (12/07) - Cont.

In re   Jami K. Olden                                              ,          Case No. _____
　　　　　　　　　　Debtor                                                                    (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   R & J Construction<br><br>Paul H. Collins Trucking<br>20 Povery Way<br>Hudson Falls, NY 12839 | | | Consideration: Consumer Debt | | | | 7,175.00 |
| ACCOUNT NO.   5424 1805 6063 0813<br><br>PRA Receivables Mgt LLC<br>c/o Portfolio Recovery<br>  Associates LLC<br>140 Corporate Boulevard<br>Norfolk, VA 23502 | | | Consideration: For Informational Purposes Re: Original Creditor: Citibank (South Dakota) NA | | | | 0.00 |
| ACCOUNT NO.   5424 1805 6063 0813<br><br>PRA Receivables Mgt LLC<br>c/o Portfolio Recovery<br>  Associates LLC<br>PO Box 12914<br>Norfolk, VA 23541 | | | Consideration: Consumer Debt Re: Original Creditor: Citibank (South Dakota) NA | | | | 5,453.87 |
| ACCOUNT NO.   7021 273 2163 9345<br><br>Retail Services<br>PO Box 15521<br>Wilmington, DE 19850-5521 | | | Consideration: For Informational Purposes Re: Best Buy Internet Transferred To Fortis Capital | | | | 0.00 |
| ACCOUNT NO.   Olden, Jami<br><br>Roundup Funding LLC<br>MS 550<br>PO Box 91121<br>Seattle, WA 98111-9221 | | | Consideration: Consumer Debt | | | | 1,003.57 |

Sheet no.  11   of  15   continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ | 13,632.44

Total ➤ | $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

**B6F (Official Form 6F) (12/07) - Cont.**

In re   Jami K. Olden                                              ,          Case No. _____
            **Debtor**                                                                                                    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  122463<br><br>Safety Warehouse<br>1438 Route 9<br>Fort Edward, NY 12828 | | | Consideration: Consumer Debt | | | | 592.42 |
| ACCOUNT NO.  122463<br><br>Safety Warehouse<br>c/o Transworld Systems Inc<br>PO Box 4903<br>Trenton, NJ 08650-4903 | | | Consideration: For Informational Purposes Re: Ref No. HQ5494 | | | | 0.00 |
| ACCOUNT NO.  8528917557<br><br>Sears/Citibank<br>c/o Midland Credit<br>  Management, Inc.<br>8875 Aero Drive<br>San Diego, CA 92123 | | | Consideration: Consumer Debt | | | | 835.04 |
| ACCOUNT NO.  8528917557<br><br>Sears/Citibank<br>c/o Midland Credit<br>  Management, Inc.<br>Department 60578<br>Los Angeles, CA 90060 | | | Consideration: For Informational Purposes | | | | 0.00 |
| ACCOUNT NO.  8528917557<br><br>Sears/Citibank<br>PO Box 183081<br>Columbus, OH 43218-3081 | | | Consideration: For Informational Purposes | | | | 0.00 |

Sheet no.  12  of  15  continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ | 1,427.46

Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

**B6F (Official Form 6F) (12/07) - Cont.**

In re    Jami K. Olden                                                   ,           Case No. _____
                    **Debtor**                                                                      **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  8528917557 <br><br> Sears/Citibank <br> PO Box 6283 <br> Sioux Falls, SD 57117-6283 | | | Consideration: For Informational Purposes | | | | 0.00 |
| ACCOUNT NO.  R&J Construction/Olden <br><br> Shaw Fuel Oil And Kero <br> 1470 Route 9 <br> Fort Edward, NY 12828 | | | Consideration: Consumer Debt | | | | 2,479.37 |
| ACCOUNT NO.  Olden, Jami <br><br> Shaw Fuel Oil And Kero <br> 1470 Route 9 <br> Fort Edward, NY 12828 | | | Consideration: For Informational Purposes | | | | 0.00 |
| ACCOUNT NO.  5764825 <br><br> Southworth-Milton, Inc. <br> Corporate Headquarters <br> 100 Quarry Drive <br> Milford, MA 01757 | | | Consideration: For Informational Purposes <br> Re: Ref No. AL98389 | | | | 0.00 |
| ACCOUNT NO.  5764825 <br><br> Southworth-Milton, Inc. <br> PO Box 3851 <br> Boston, MA 02241-3851 | | | Consideration: Consumer Debt <br> Re: Ref No. AL98389 | | | | 420.48 |

Sheet no.  13  of  15   continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤  $    2,899.85

Total ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

B6F (Official Form 6F) (12/07) - Cont.

In re  Jami K. Olden                                              ,        Case No. _____
             **Debtor**                                                                              **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  1061 076424801 7 <br><br> Time Warner Cable <br> 1021 Highbridge Road <br> Schenectady, NY 12303 | | | Consideration: For Informational Purposes | | | | 0.00 |
| ACCOUNT NO.  1061 076424801 7 <br><br> Time Warner Cable <br> 250 Ridge Street <br> Glens Falls, NY 12801 | | | Consideration: For Informational Purposes | | | | 0.00 |
| ACCOUNT NO.  1061 076424801 7 <br><br> Time Warner Cable <br> PO Box 0377 <br> Buffalo, NY 14240-0377 | | | Consideration: Consumer Debt | | | | 1,686.79 |
| ACCOUNT NO.  007355 <br><br> Wallace Supply Co., Inc. <br> 1434 Route 9 <br> Fort Edward, NY 12828 | | | Consideration: Consumer Debt <br> Re: Ref No. HQ5496 | | | | 788.33 |
| ACCOUNT NO.  007355 <br><br> Wallace Supply Co., Inc. <br> c/o Transworld Systems Inc <br> PO Box 4903 <br> Trenton, NJ 08650-4903 | | | Consideration: For Informational Purposes <br> Re: Ref No. HQ5496 | | | | 0.00 |

Sheet no.  14  of  15  continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ | 2,475.12

Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

**B6F (Official Form 6F) (12/07) - Cont.**

In re  Jami K. Olden                                      ,          Case No. _____
          **Debtor**                                                                    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  4733007175904<br><br>WE Hess Fleet<br>c/o Receivable Mgt Corp.<br>400 West Cummings Park<br>Suite #4450<br>Woburn, MA 01801 | | | Consideration: Consumer Debt<br>Re: Claim No. 303243-26 | | | | 0.00 |
| ACCOUNT NO.  4733007175904<br><br>WE Hess Fleet<br>c/o Receivable Mgt Corp.<br>PO Box 2471<br>Woburn, MA 01888 | | | Consideration: Consumer Debt<br>Re: Claim No. 303243-26 | | | | 4,902.92 |
| ACCOUNT NO.  R&J Construction<br><br>WM. Biers, Inc.<br>100 Port Road<br>Port Of Albany<br>Albany, NY 12202 | | | Consideration: Consumer Debt | | | | 1,649.91 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no.  15  of  15  continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

| | | |
|---|---|---|
| Subtotal ➤ | $ | 6,552.83 |
| Total ➤ | $ | 250,739.20 |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

B6G (Official Form 6G) (12/07)

In re  Jami K. Olden                                    Case No. _____
_____
        **Debtor**                                                        **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

**B6H (Official Form 6H) (12/07)**

In re    Jami K. Olden                                              Case No. _____
_____
                    **Debtor**                                                              **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. Bankr. P. 1007(m).

☑  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|------------------------------|------------------------------|
|                              |                              |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

**B6I (Official Form 6I) (12/07)**

In re ___Jami K. Olden_____,          Case _____

           **Debtor**                                                    **(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status:   Single | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): Daughter | AGE(S): 5 Years |

| **Employment:** | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Machine Operator | |
| Name of Employer | Malta Development Corporation | |
| How long employed | 2 Weeks | |
| Address of Employer | Route 9 | N.A. |
| | Malta, NY 12020 | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. | Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ 2,946.67 | $ | N.A. |
| 2. | Estimated monthly overtime | $ 0.00 | $ | N.A. |
| 3. | SUBTOTAL | $ 2,946.67 | $ | N.A. |
| 4. | LESS PAYROLL DEDUCTIONS | | | |
| | a. Payroll taxes and social security | $ 558.89 | $ | N.A. |
| | b. Insurance | $ 0.00 | $ | N.A. |
| | c. Union Dues | $ 0.00 | $ | N.A. |
| | d. Other (Specify:_____) | $ 0.00 | $ | N.A. |
| 5. | SUBTOTAL OF PAYROLL DEDUCTIONS | $ 558.89 | $ | N.A. |
| 6.. | TOTAL NET MONTHLY TAKE HOME PAY | $ 2,387.78 | $ | N.A. |
| 7. | Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ | N.A. |
| 8. | Income from real property | $ 0.00 | $ | N.A. |
| 9. | Interest and dividends | $ 0.00 | $ | N.A. |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ | N.A. |
| 11. | Social security or other government assistance ( Specify)_____ | $ 0.00 | $ | N.A. |
| 12. | Pension or retirement income | $ 0.00 | $ | N.A. |
| 13. | Other monthly income_____ | $ 0.00 | $ | N.A. |
| | (Specify)_____ | $ 0.00 | $ | N.A. |
| 14. | SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ | N.A. |
| 15. | AVERAGE MONTHLY INCOME (Add amounts shown on Lines 6 and 14) | $ 2,387.78 | $ | N.A. |
| 16. | COMBINED AVERAGE MONTHLY INCOME (Combine column totals from line 15) | | $ 2,387.78 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17.  Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

    None _____

_____

_____

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

In re  Jami K. Olden                                                      Case No. _____
       **Debtor**                                                                    **(if known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 679.39 |
| a. Are real estate taxes included?        Yes __√__ No _____ | | |
| b. Is property insurance included?        Yes __√__ No _____ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 215.00 |
| b. Water and sewer | $ | 0.00 |
| c. Telephone | $ | 63.00 |
| d. Other  Cable (none) | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 75.00 |
| 4. Food | $ | 500.00 |
| 5. Clothing | $ | 150.00 |
| 6. Laundry and dry cleaning | $ | 10.00 |
| 7. Medical and dental expenses | $ | 70.00 |
| 8. Transportation (not including car payments) | $ | 385.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 50.00 |
| 10.Charitable contributions | $ | 0.00 |
| 11.Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 0.00 |
| d.Auto | $ | 0.00 |
| e. Other_____ | $ | 0.00 |
| 12.Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify)_____ | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 56.50 |
| b. Other  2005 Excavator Pmt To Be Surrendered | $ | 0.00 |
| c. Other  2002 Ford Explorer Pmt To Be Surrendered | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other           2nd Mortgage Payment | $ | 133.73 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17.  Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data) | $ | 2,387.62 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

None
_____
_____
_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---|
| a. Average monthly income from Line 15 of Schedule I | $ | 2,387.78 |
| b. Average monthly expenses from Line 18 above | $ | 2,387.62 |
| c. Monthly net income (a. minus b.) | $ | 0.16 |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
### Northern District of New York

In re     Jami K. Olden                         Case No. _____

                   Debtor

                                               Chapter    7 _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

**AMOUNTS SCHEDULED**

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A – Real Property | YES | 1 | $ 70,000.00 | | |
| B – Personal Property | YES | 3 | $ 37,435.00 | | |
| C – Property Claimed as exempt | YES | 1 | | | |
| D – Creditors Holding Secured Claims | YES | 2 | | $ 116,129.78 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $ 1,383.98 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 16 | | $ 250,739.20 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 2,387.78 |
| J - Current Expenditures of Individual Debtors(s) | YES | 1 | | | $ 2,387.62 |
| TOTAL | | 30 | $ 107,435.00 | $ 368,252.96 | |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

# United States Bankruptcy Court
### Northern District of New York

In re    Jami K. Olden
_____
Debtor

Case No. _____

Chapter _____7_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. §101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $    0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $    1,383.98 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $    0.00 |
| Student Loan Obligations (from Schedule F) | $    0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $    0.00 |
| Obligations to Pension or  Profit-Sharing, and Other Similar Obligations (from Schedule F) | $    0.00 |
| TOTAL | $    1,383.98 |

**State the Following:**

| | |
|---|---|
| Average Income  (from Schedule I, Line 16) | $    2,387.78 |
| Average Expenses (from Schedule J, Line 18) | $    2,387.62 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $    886.84 |

**State the Following:**

| | | |
|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $    24,354.78 |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $    1,383.98 | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $    0.00 |
| 4.  Total from Schedule F | | $    250,739.20 |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $    275,093.98 |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

In re ___Jami K. Olden_____      Case No. _____
            **Debtor**                                                    **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___32___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date ___4/27/2011_____      Signature: ___/s/ Jami K. Olden_____
                                                              **Debtor**

Date _____      Signature: ___Not Applicable_____
                                                          **(Joint Debtor, if any)**

[If joint case, both spouses must sign.]

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(i); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____      _____
Printed or Typed Name and Title, if any,                  Social Security No.
of Bankruptcy Petition Preparer                              *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____      _____
    Signature of Bankruptcy Petition Preparer                  Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets *(total shown on summary page plus 1),* and that they are true and correct to the best of my knowledge, information, and belief.

Date _____      Signature: _____

_____
[Print or type name of individual signing on behalf of debtor.]

---

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

---

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Bankruptcy2011 ©1991-2011, New Hope Software, Inc. - ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

B7 (Official Form 7) (04/10)

# UNITED STATES BANKRUPTCY COURT
## Northern District of New York

In Re  Jami K. Olden _____      Case No. _____
                                                                    (if known)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  **If the answer to an applicable question is "None," mark the box labeled "None."**  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."*  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."*  The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

―――――――――――――――

### 1.  Income from employment or operation of business

None

☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | AMOUNT | SOURCE |
|---|---|---|
| 2011 | $1,322.00 | Income From Business and Employment To Date |
| 2010 | $9,630.00 | Income From Business |
| 2009 | $9,741.00 | Income From Business |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

**2.    Income other than from employment or operation of business**

None

☒

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case.   Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                                             SOURCE

**3.  Payments to creditors**

None

☒

*Complete a. or b., as appropriate, and c.*

*a. Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600.  Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as  part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None

☒

*b. Debtor whose debts are not primarily consumer debts:*  List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*)  any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative  repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after date of adjustment.*

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None

☒

*c. All debtors:* List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None

☐

a.    List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| First Niagara Bank v. Jami K. Olden dba R & J Construction | Collection | Supreme Court County Of Rensselaer State Of New York Index No. 227546 | Judgment Entered 1/28/2009 |
| North Star Capital Acquisition LLC v. Jami Olden | Collection | Supreme Court County Of Warren State Of New York Index No. 51596/08 | Judgment Entered |
| Pallette Stone Corporation And Jointa Galusha LLC v. Jami K. Olden dba R & J Construction | Collection | Supreme Court County Of Saratoga State Of New York Index No. 2008-1587 | Judgment Entered 6/25/2008 |

None



b.    Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5.    Repossessions, foreclosures and returns**

None         List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in
☐        lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.
         (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or
         both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Glens Falls National Bank 250 Glen Street Glens Falls, NY 12801 | Repossessed 3/2009 | Re: 2003 Ford F550 Truck<br><br>Deficiency Debt: $17,710.00 |

**6.    Assignments and Receiverships**

None    a.    Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding
☒        the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any
         assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
         joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None    b.    List all property which has been in the hands of a custodian, receiver, or court-appointed official within one
☒        year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13
         must include information concerning property of either or both spouses whether or not a joint petition is filed, unless
         the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7.    Gifts**

None    List all gifts or charitable contributions made within one year immediately preceding the commencement of this
☒    case, except ordinary and usual gifts to family members aggregating less than $200 in value per individual family
member and charitable contributions aggregating less than $100 per recipient.   (Married debtors filing under chapter
12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed,
unless the spouses are separated and a joint petition is not filed.)

| NAME AND<br>ADDRESS OF<br>PERSON OR ORGANIZATION | RELATIONSHIP<br>TO DEBTOR, IF ANY | DATE OF<br>GIFT | DESCRIPTION AND<br>VALUE OF GIFT |
|---|---|---|---|

**8.    Losses**

None    List all losses from fire, theft, other casualty or gambling within one year immediately preceding the
☒    commencement of this case or since the commencement of this case.   (Married debtors filing under chapter 12 or
chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are
separated and a joint petition is not filed.)

| DESCRIPTION<br>AND VALUE<br>OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES, AND, IF LOSS<br>WAS COVERED IN WHOLE OR IN PART BY<br>INSURANCE, GIVE PARTICULARS | DATE OF<br>LOSS |
|---|---|---|

**9.    Payments related to debt counseling or bankruptcy**

None    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys,
☐    for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in
bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS<br>OF PAYEE | DATE OF PAYMENT,<br>NAME OF PAYOR IF<br>OTHER THAN DEBTOR | AMOUNT OF MONEY OR<br>DESCRIPTION AND<br>VALUE OF PROPERTY |
|---|---|---|
| Edwin M. Adeson, Esq.<br>Law Offices Of Edwin M. Adeson<br>485 Glen Street<br>Glens Falls, NY 12801 | 4/27/2011<br>Payor: Debtor | Attorney Fee Paid: $800.00<br>Filing Fee Paid: $299.00 |

**10.  Other transfers**

None    a.    List all other property, other than property transferred in the ordinary course of the business or financial affairs
☒    of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement
    of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses
    whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

b.    List all property transferred by the debtor within ten years immediately preceding the commencement of this case
    to a self-settled trust or similar device of which the debtor is a beneficiary.

None
☒

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

**11.  Closed financial accounts**

None        List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which
☒    were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.
    Include checking, savings, or other financial accounts, certificates of deposit, or other instruments;  shares and share
    accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial
    institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or
    instruments held by either or both spouses whether or not a joint petition is filed, unless the spouses are separated
    and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

**12.  Safe deposit boxes**

None        List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other
☒    valuables within one year immediately preceding the commencement of this case.    (Married debtors filing under
    chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition
    is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13.  Setoffs**

None

☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.    (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14.  Property held for another person**

None

☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15.  Prior address of debtor**

None

☒

If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16.  Spouses and Former Spouses**

None

☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin)  within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17.  Environmental Sites**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None

☒

a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None

☒

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None

☒

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18. Nature, location and name of business**

None

☒

a.      If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or  was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity  securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

b.    Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None

☒

| NAME | ADDRESS |
|---|---|

## [Questions 19 - 25 are not applicable to this case]

*    *    *    *    *    *

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   4/27/2011        Signature of Debtor    /s/ Jami K. Olden

                                              JAMI K. OLDEN

                              0    continuation sheets attached

***Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §152 and 3571***

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

    I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and required under 11U.S.C. §§ 110(b), 110(h), and 342(b); (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.

_____       _____

Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer      Social Security No. (Required by 11 U.S.C. § 110(c).)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____

Address

X_____       _____

Signature of Bankruptcy Petition Preparer                        Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

***A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. §156.***

B8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
### Northern District of New York

Jami K. Olden

In re _____ ,    Case No. _____
                    Debtor                                                    Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** - Debts secured by property of the estate.  *(Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)*

---

| Property No.  1 |
|---|

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| Select Portfolio Servicing Inc. | Single Family Residence |

Property will be *(check one)*:

☐ Surrendered        ☑ Retained

If retaining the property, I intend to *(check at least one)*:

☐ Redeem the property
☑ Reaffirm the debt
☐ Other.  Explain _____(for example, avoid lien using 11 U.S.C. §522(f)).

Property is *(check one)*:

☐ Claimed as exempt        ☑ Not claimed as exempt

---

| Property No. 2  *(if necessary)* |
|---|

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| BAC Home Loans Servicing LP | Single Family Residence |

Property will be *(check one)*:

☐ Surrendered        ☑ Retained

If retaining the property, I intend to *(check at least one)*:

☐ Redeem the property
☑ Reaffirm the debt
☐ Other.  Explain _____(for example, avoid lien using 11 U.S.C. §522(f)).

Property is *(check one)*:

☐ Claimed as exempt        ☑ Not claimed as exempt

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

B8 (Official Form 8) (12/08)                                                                    Page 2

**PART B** - Personal property subject to unexpired leases.  *(All three columns of Part B must be completed for Each unexpired lease.  Attach additional pages if necessary.)*

| Property No.  1     NO Leased Property | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2)):<br><br>☐ YES          ☐ NO |

| Property No.  2 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2)):<br><br>☐ YES          ☐ NO |

| Property No.  3 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2)):<br><br>☐ YES          ☐ NO |

___1___ continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my Estate securing debt and/or personal property subject to an unexpired lease.**

Date: 4/27/2011                                    /s/ Jami K. Olden

                                                   Signature of Debtor


                                                   Signature of Joint Debtor

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

B8 (Official Form8)(12/08)                                                    Page 3

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION
*(Continuation Sheet)*

**PART A**   - Continuation

| Property No: 3 | |
|---|---|
| **Creditor's Name:**<br> Glens Falls National Bank | **Describe Property Securing Debt:**<br> 2002 Ford Explorer w/148,000 Miles |

Property will be   *(check one):*

☑ Surrendered          ☐ Retained

If retaining the property, I intend to   *(check at least one):*

☐ Redeem the property

☐ Reaffirm the debt

☐ Other.  Explain _____ (for example, avoid lien
using 11 U.S.C.§522(f)).

Property is   *(check one):*
☐ Claimed as exempt                    ☑ Not claimed as exempt

| Property No: 4 | |
|---|---|
| **Creditor's Name:**<br> Diversified Financial Services | **Describe Property Securing Debt:**<br> 2005 JCB Excavator JS 130 |

Property will be   *(check one):*

☑ Surrendered          ☐ Retained

If retaining the property, I intend to   *(check at least one):*

☐ Redeem the property

☐ Reaffirm the debt

☐ Other.  Explain _____ (for example, avoid lien
using 11 U.S.C.§522(f)).

Property is   *(check one):*
☐ Claimed as exempt                    ☑ Not claimed as exempt

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Northern District of New York

In re  Jami K. Olden                                    Case No. _____
              **Debtor**                                              **(If known)**

# CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
# UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of [Non-Attorney] Bankruptcy Petition Preparer

   I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor the attached notice, as required by § 342(b) of the Bankruptcy Code

_____
Printed name and title, if any, of Bankruptcy Petition Preparer
Address:

_____

X_____
Signature of Bankruptcy Petition Preparer or officer,
Principal, responsible person, or partner whose Social
Security number is provided above.

_____
Social Security number (If the bankruptcy petition
preparer is not an individual, state the Social Security
number of the officer, principal, responsible person,
or partner of the bankruptcy petition preparer.)
(Required by 11 U.S.C. § 110.)

### Certification of the Debtor

   I, (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code

 Jami K. Olden_____          X   /s/ Jami K. Olden_____4/27/2011
Printed Names(s) of Debtor(s)                              Signature of Debtor                       Date

Case No. (if known)  _____          X_____
                                                                          Signature of Joint Debtor, (if any)            Date

_____

**Instructions:**  Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1.  Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor.  The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

Able Tractor And
  Equipment Co., Inc.
72 Everett Road
Albany, NY 12205-1418


BAC Home Loans
  Servicing LP
PO Box 5170
Simi Valley, CA 93062-5170


Capital One Bank
PO Box 30285
Salt Lake City, UT
84130-0285


Capital One Bank
PO Box 5155
Norcross, GA 30091


Capital One Bank
PO Box 71083
Charlotte, NC 28272-1083


Capital One Bank
PO Box 85167
Richmond, VA 23285-5167


Chase Bank USA NA
800 Brooksedge Boulevard
Westerville, OH 43081


Chase Bank USA NA
c/o Cardmember Service
PO Box 15153
Wilmington, DE 19886-5153


Chase Bank USA NA
c/o Cardmember Service
PO Box 15298
Wilmington, DE 19850-5298

Chase Bank USA NA
c/o Frederick J. Hanna
 & Associates, PC
1427 Roswell Road
Marietta, GA 30062


Citibank (South Dakota) NA
701 East 60th Street North
Sioux Falls, SD 57117


Citibank (South Dakota) NA
c/o Academy Collection
 Service, Inc.
PO Box 16119
Philadelphia, PA 19114


Citibank (South Dakota) NA
PO Box 6500
Sioux Falls, SD 57117


Citibank USA NA
701 East 60th Street North
Sioux Falls, SD 57117


Citibank USA NA
PO Box 6500
Sioux Falls, SD 57117


Commercial Truck And
 Equipment Sales, Inc.
c/o The Clements Firm
PO Box 598, 21 Bay Street
Glens Falls, NY 12801


Commercial Truck And
 Equipment Sales, Inc.
PO Box 476
Glens Falls, NY 12801

Diversified Financial
  Services
PO Box 95662
Chicago, IL 60694-5662


Diversified Financial Svcs
c/o Gross & Welch PC LLO
Attn: Sheryl L. Lohaus
2120 South 72nd St, #1500
Omaha, NE 68124


Diversified Financial Svcs
c/o Industrial Retail Group
625 Maryville Centre Drive
Suite #100
St. Louis, MO 63141


Diversified Financial Svcs
c/o Saunders Kahler LLP
Attn: Merritt Locke Esq.
185 Genesee St., #1400
Utica, NY 13501


Erie Insurance
c/o RMS
77 Hartland St., Ste #401
PO Box 280431
East Hartford, CT 06128


Erie Insurance
Collection Department
100 Erie Insurance Place
Erie, PA 16530


Erie Insurance
PO Box 1699
Erie, PA 16530

Everett J. Prescott, Inc.
c/o Burt And Associates
5204 Tennyson Parkway
Suite #300
Plano, TX 75024


First Niagara Bank
726 Exchange Street
Suite #900
Buffalo, NY 14210


First Niagara Bank
c/o Schiller & Knapp LLP
950 New Loudon Road
Latham, NY 12110


First Niagara Bank
Loan Servicing Dept.
PO Box 514
6950 South Transit Road
Lockport, NY 14095


First Niagara Bank
PO Box 28
Buffalo, NY 14240-0028


First Premier Bank
c/o Pinnacle Financial
  Group, Suite 310
7825 Washington Ave S
Minneapolis, MN 55439


First Premier Bank
c/o Premier BankCard
PO Box 2208
Vacaville, CA 95696


First Premier Bank
PO Box 5519
Sioux Falls, SD 57117-5519

First Premier Bank
PO Box 5524
Sioux Falls, SD 57117-5524


Fortis Capital
c/o Curtis O. Barnes, PC
PO Box 1390
Anaheim, CA 92815-1390


Glens Falls National Bank
250 Glen Street
Glens Falls, NY 12801


Glens Falls National Bank
250 Glen Street
Glens Falls, NY 12801


Glens Falls National Bank
Collections Department
PO Box 307
Glens Falls, NY 12801-0307


Glens Falls National Bank
Recovery Department
PO Box 307
Glens Falls, NY 12801


Home Depot
  Credit Services
PO Box 653000
Dallas, TX 75265-3000


Home Depot
  Credit Services
Processing Center
Des Moines, IA
50364-0500

Home Depot PROX
c/o PRO Consulting
  Services, Inc.
PO Box 66768
Houston, TX 77266-6768


Internal Revenue Service
PO Box 219690
Kansas City, MO
64121-9690


Internal Revenue Service
PO Box 7346
Philadelphia, PA
19101-7346


John Ray And Sons
2900 6th Avenue
Troy, NY 12180


John Ray And Sons
c/o TCAR
PO Box 589
Burnt Hills, NY 12027


Kay Jewelers
PO Box 1799
Akron, OH 44309-1799


Liftech Equipment
  Companies
6847 Ellicott Drive
E. Syracuse, NY 13057


Liftech Equipment
  Companies
PO Box 2556
Buffalo, NY 14240-2556

LVNV Funding LLC
9700 Bissonet
Suite #200
Houston, TX 77036


LVNV Funding LLC
c/o Resurgent Capital
 Services LP
PO Box 10587
Greenville, SC 29603-0587


LVNV Funding LLC
c/o Tate & Kirlin Associates
2810 Southampton Road
Philadelphia, PA 19154


LVNV Funding LLC
PO Box 10497
Greenville, SC 29603


Midland Funding LLC
c/o Midland Credit
 Management, Inc.
8875 Aero Drive, Ste #200
San Diego, CA 92123


Midland Funding LLC
c/o Midland Credit
 Management, Inc.
Department 60578
Los Angeles, CA 90060


NGM Insurance Co./The
 Main Street America Group
PO Box 20004
55 West Street
Keene, NH 03431

NGM Insurance Company
Attn: Marlin J. Crawford
Law Department
55 West Street
Keene, NH 03431


North Star Capital
  Acquisition LLC
c/o Forster & Garbus Esqs.
60 Motor Parkway
Commack, NY 11725


North Star Capital
  Acquisition LLC
c/o Forster & Garbus Esqs.
PO Box 9030
Commack, NY 11725-9030


North Star Capital
  Acquisition LLC
170 N Pointe Parkway
Suite 300
Amherst, NY 14228


North Star Capital
  Acquisition LLC
Jefferson Capital Systems
16 McLeland Road
St. Cloud, MN 56303


North Star Capital
  Acquisition LLC
Jefferson Capital Systems
PO Box 23051
Columbus, GA 31902-3051


Pallette Stone Corporation
  And Jointa Galusha LLC
c/o Hamilton Watt PLLC
480 Broadway, Suite 250
Saatoga Springs, NY 12866

Pallette Stone Corporation
  And Jointa Galusha LLC
PO Box 4550
373 Washington Street
Saratoga Spings, NY 12866


Paul H. Collins Trucking
20 Povery Way
Hudson Falls, NY 12839


PRA Receivables Mgt LLC
c/o Portfolio Recovery
  Associates LLC
140 Corporate Boulevard
Norfolk, VA 23502


PRA Receivables Mgt LLC
c/o Portfolio Recovery
  Associates LLC
PO Box 12914
Norfolk, VA 23541


Retail Services
PO Box 15521
Wilmington, DE 19850-5521


Roundup Funding LLC
MS 550
PO Box 91121
Seattle, WA 98111-9221


Safety Warehouse
1438 Route 9
Fort Edward, NY 12828


Safety Warehouse
c/o Transworld Systems Inc
PO Box 4903
Trenton, NJ 08650-4903

Sears/Citibank
c/o Midland Credit
  Management, Inc.
8875 Aero Drive
San Diego, CA 92123


Sears/Citibank
c/o Midland Credit
  Management, Inc.
Department 60578
Los Angeles, CA 90060


Sears/Citibank
PO Box 183081
Columbus, OH 43218-3081


Sears/Citibank
PO Box 6283
Sioux Falls, SD 57117-6283


Select Portfolio
  Servcing, Inc.
Attn: Bankruptcy Dept.
PO Box 65250
Salt Lake City, UT 84165


Shaw Fuel Oil And Kero
1470 Route 9
Fort Edward, NY 12828


Shaw Fuel Oil And Kero
1470 Route 9
Fort Edward, NY 12828


Southworth-Milton, Inc.
Corporate Headquarters
100 Quarry Drive
Milford, MA 01757

Southworth-Milton, Inc.
PO Box 3851
Boston, MA 02241-3851


Time Warner Cable
1021 Highbridge Road
Schenectady, NY 12303


Time Warner Cable
250 Ridge Street
Glens Falls, NY 12801


Time Warner Cable
PO Box 0377
Buffalo, NY 14240-0377


Wallace Supply Co., Inc.
1434 Route 9
Fort Edward, NY 12828


Wallace Supply Co., Inc.
c/o Transworld Systems Inc
PO Box 4903
Trenton, NJ 08650-4903


WE Hess Fleet
c/o Receivable Mgt Corp.
400 West Cummings Park
Suite #4450
Woburn, MA 01801


WE Hess Fleet
c/o Receivable Mgt Corp.
PO Box 2471
Woburn, MA 01888


WM. Biers, Inc.
100 Port Road
Port Of Albany
Albany, NY 12202

# UNITED STATES BANKRUPTCY COURT
## Northern District of New York

In re   Jami K. Olden                               ,

                           Debtor

Case No. _____

Chapter      7

## VERIFICATION OF LIST OF CREDITORS

    I hereby certify under penalty of perjury that the attached List of Creditors which consists of 11 pages, is true, correct

and complete to the best of my knowledge.

Date    4/27/2011

Signature
of Debtor

/s/ Jami K. Olden

JAMI K. OLDEN

Edwin M. Adeson, Esq.
Law Offices Of Edwin
M. Adeson
485 Glen Street
Glens Falls, NY 12801
518-745-0206
518-745-0059

B203
12/94

# United States Bankruptcy Court
## Northern District of New York

In re  Jami K. Olden

Case No. _____

Chapter _____7_____

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.    Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s)
and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services
rendered or to be rendered on behalf  of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follow s:

For legal services, I have agreed to accept ........................…………………………..... $ _____800.00_____

Prior to the filing of this statement I have received ........…………….................... $ _____800.00_____

Balance Due ...........................................…………………………….................... $ _____0.00_____

2.    The source of compensation paid to me was:

☑ Debtor          ☐ Other (specify)

3.    The source of compensation to be paid to me is:

☑ Debtor          ☐ Other (specify)

4.    ☑   I have not agreed to share the above-disclosed compensation with any other person unless they are members and
associates of my law firm.

☐   I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates
of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the
debtor(s) in the bankruptcy proceeding.

4/27/2011
_____          _____
Date                                    /s/ Edwin M. Adeson, Esq.
Signature of Attorney

Law Offices Of Edwin M. Adeson
Name of law firm

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

B22A (Official Form 22A) (Chapter 7) (12/10)

According to the information required to be entered on this statement
(check one box as directed in Part I, III, or VI of this statement):
☐ **The presumption arises.**
☑ **The presumption does not arise.**
☐ **The presumption is temporarily inapplicable.**

In re Jami K. Olden
_____
                Debtor(s)

Case Number:_____
                    (If known)

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
# AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor. If none of the exclusions in Part I applies, joint debtors may complete one statement only. If any of the exclusions in Part I applies, joint debtors should complete separate statements if they believe this is required by §707(b)(2)(C).

| Part I. MILITARY AND NON-CONSUMER DEBTORS |
|---|

| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement. <br><br> ☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
|---|---|
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement. <br><br> ☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity**. Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.** <br><br> ☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard <br><br>      a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and <br>          ☐ I remain on active duty /or/ <br>          ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed; <br>      OR <br>      b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/ <br>          ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

## Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION

| 2 | **Marital/filing status.**  Check the box that applies and complete the balance of this part of this statement as directed. |
|---|---|
| | a. ☑ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.** |
| | b. ☐ Married, not filing jointly, with declaration of separate households.  By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-11.** |
| | c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B (Spouse's Income) for Lines 3-11.** |
| | d. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** |

| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $      0.00 | $   N.A. |
| 4 | **Income from the operation of a business, profession or farm.**  Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4.  If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero.  **Do not include any part of the business expenses entered on Line b as a deduction in Part V.** | | |

| | a. | Gross receipts | $        2,869.41 | | |
|---|---|---|---|---|---|
| | b. | Ordinary and necessary business expenses | $        2,715.39 | | |
| | c. | Business income | Subtract Line b from Line a | $   886.84 | $   N.A. |

| 5 | **Rent and other real property income.**  Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5.  Do not enter a number less than zero.  **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.** | | |
|---|---|---|---|

| | a. | Gross receipts | $        0.00 | | |
|---|---|---|---|---|---|
| | b. | Ordinary and necessary operating expenses | $        0.00 | | |
| | c. | Rent and other real property income | Subtract Line b from Line a | $   0.00 | $   N.A. |

| 6 | **Interest, dividends and royalties.** | $   0.00 | $   N.A. |
|---|---|---|---|
| 7 | **Pension and retirement income.** | $   0.00 | $   N.A. |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.**  Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. Each regular payment should be reported in only one column; If a payment is listged in Column A, do not report that payment in Column B. | $   0.00 | $   N.A. |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: | | |

| | Unemployment compensation claimed to be a benefit under the Social Security Act | Debtor $    0.00 | Spouse $   N.A. | $   0.00 | $   N.A. |
|---|---|---|---|---|---|

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | |
|---|---|---|---|
| | a. | $ 0.00 | |
| | b. | $ 0.00 | |
| | Total and enter on Line 10 | $ 0.00 | $ N.A. |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $ 886.84 | $ N.A. |
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $ 886.84 | |

| **Part III. APPLICATION OF § 707(b)(7) EXCLUSION** |
|---|

| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $ 10,642.08 |
|---|---|---|
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence: NewYork b. Enter debtor's household size: 2 | $ 57,777.00 |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.<br><br>☑ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the "The presumption does not arise" box at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII.<br><br>☐ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. | |

**Complete Parts IV, V, VI and VII of this statement only if required. (See Line 15.)**

| **Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)** |
|---|

| 16 | **Enter the amount from Line 12.** | $ N.A. |
|---|---|---|
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | |
| | a. $ | |
| | b. $ | |
| | c. $ | |
| | Total and enter on Line 17. | $ N.A. |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $ N.A. |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc. - ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

| | Part V. CALCULATION OF DEDUCTIONS FROM INCOME | | |
|---|---|---|---|
| | **Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)** | | |
| 19A | **National Standards: food, clothing and other items.** Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of person is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ | N.A. |
| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | $ | N.A. |

| Persons under 65 years of age | | | Persons 65 years of age or older | | |
|---|---|---|---|---|---|
| a1. | Allowance per person | N.A. | a2. | Allowance per person | N.A. |
| b1. | Number of persons | N.A. | b2. | Number of persons | |
| c1. | Subtotal | N.A. | c2. | Subtotal | N.A. |

| | | | |
|---|---|---|---|
| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ | N.A. |
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | $ | N.A. |

| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ | N.A. |
|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ | N.A. |
| c. | Net mortgage/rental expense | Subtract Line b from Line a | |

| | | | |
|---|---|---|---|
| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | | N.A. |
| | | $ | |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

| | | |
|---|---|---|
| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br><br>☐ 0  ☐ 1  ☐ 2 or more.<br><br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation.  If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $        N.A. |
| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation.  (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $        N.A. |
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br><br>☐ 1  ☐ 2 or more.<br><br>Enter, in Line below, the "Ownership Costs" for "One Car" from the IRS Local Standards:  Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23.  **Do not enter an amount less than zero.**<br><br>| a. | IRS Transportation Standards, Ownership Costs | $        N.A. |<br>| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $        N.A. |<br>| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | | $        N.A. |
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards:  Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24.  **Do not enter an amount less than zero.**<br><br>| a. | IRS Transportation Standards, Ownership Costs | $        N.A. |<br>| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $        N.A. |<br>| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | | $        N.A. |
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $        N.A. |
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $        N.A. |
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $        N.A. |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments.  **Do not include payments on past due obligations included in Line 44.** | $        N.A. |

| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $        N.A. |
|---|---|---|
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare—such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $        N.A. |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $        N.A. |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service—such as pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $        N.A. |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32 | $        N.A. |

| **Subpart B: Additional Living Expense Deductions** |
|---|
| **Note: Do not include any expenses that you have listed in Lines 19-32.** |

| 34 | **Health Insurance, Disability Insurance and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. |  |
|---|---|---|
|  | a. | Health Insurance | $        N.A. |  |
|  | b. | Disability Insurance | $        N.A. |  |
|  | c. | Health Savings Account | $        N.A. |  |
|  | Total and enter on Line 34. | $        N.A. |
|  | **If you do not actually expend this total amount,** state your actual average expenditures in the space below:<br>$ _____ N.A. _____ | |

| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $        N.A. |
|---|---|---|
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $        N.A. |
| 37 | **Home energy costs** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $        N.A. |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $        N.A. |

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court**.) You must demonstrate that the additional amount claimed is reasonable and necessary.** | $        N.A. |
|---|---|---|
| 40 | **Continued charitable contributions.**   Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170 (c)(1)-(2) | $        N.A. |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40. | $        N.A. |

### Subpart C: Deductions for Debt Payment

| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page.  Enter the total Average Monthly payments on Line 42. |   |
|---|---|---|

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | | | $ | ☐ yes ☐ no |
| b. | | | $ | ☐ yes ☐ no |
| c. | | | $ | ☐ yes ☐ no |
| | | | Total: Add Lines a, b and c | |

$        N.A.

| 43 | **Other payments on secured claims.** If any of the debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. |   |
|---|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| b. | | | $ |
| c. | | | $ |

$        N.A.

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing.  **Do not include current obligations, such as those set out in Line 28.** | $        N.A. |
|---|---|---|

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | | |
|---|---|---|---|---|
| | a. | Projected average monthly Chapter 13 plan payment. | $          N.A. | |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x          N.A. | |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | $          N.A. |

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $          N.A. |
|---|---|---|

## Subpart D: Total Deductions from Income

| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $          N.A. |
|---|---|---|

## Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | $          N.A. |
|---|---|---|
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | $          N.A. |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $          N.A. |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $          N.A. |
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>☑ **The amount on Line 51 is less than $7,075\*.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $11,725\*.** Check the "Presumption arises" box at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII.  Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $7,025\*, but not more than $11,725\*.** Complete the remainder of Part VI (Lines 53 through 55). | |
| 53 | **Enter the amount of your total non-priority unsecured debt** | $          N.A. |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $          N.A. |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII.  You may also complete Part VII. | |

## Part VII: ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I).  If necessary, list additional sources on a separate page.  All figures should reflect your average monthly expense for each item.  Total the expenses. | | |
|---|---|---|---|
| | | Expense Description | Monthly Amount |
| | a. | | $          N.A. |
| | b. | | $          N.A. |
| | c. | | $          N.A. |
| | | Total: Add Lines a, b and c | N.A. |

*\*Amounts are subject to adjustment on 4/1/2013, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2011 ©1991-2011, New Hope Software, Inc. - ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

B22A (Official Form 22A) (Chapter 7) (12/10) - Cont.

9

| | Part VIII: VERIFICATION |
|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)* <br><br> Date: _4/27/2011_____     Signature: _____/s/ Jami K. Olden_____ <br>                                         *(Debtor)* <br><br> Date: _____     Signature: _____ <br>                                         *(Joint Debtor, if any)* |

Bankruptcy2011 ©1991-2011, New Hope Software, Inc., ver. 4.6.2-759 - 31951-301X-09110 - PDF-XChange 2.5 DE

## Form 22 Continuation Sheet

| Income Month 1 | | | Income Month 2 | | |
|---|---|---|---|---|---|
| Gross wages, salary, tips... | 0.00 | 0.00 | Gross wages, salary, tips... | 0.00 | 0.00 |
| Income from business... | 0.00 | 0.00 | Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 0.00 | 0.00 | Rents and real property income... | 0.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 | Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 | Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 | Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 | Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 0.00 | Other Income... | 0.00 | 0.00 |

| Income Month 3 | | | Income Month 4 | | |
|---|---|---|---|---|---|
| Gross wages, salary, tips... | 0.00 | 0.00 | Gross wages, salary, tips... | 0.00 | 0.00 |
| Income from business... | 1,038.38 | 0.00 | Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 0.00 | 0.00 | Rents and real property income... | 0.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 | Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 | Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 | Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 | Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 0.00 | Other Income... | 0.00 | 0.00 |

| Income Month 5 | | | Income Month 6 | | |
|---|---|---|---|---|---|
| Gross wages, salary, tips... | 0.00 | 0.00 | Gross wages, salary, tips... | 0.00 | 0.00 |
| Income from business... | 1,992.37 | 0.00 | Income from business... | 2,290.30 | 0.00 |
| Rents and real property income... | 0.00 | 0.00 | Rents and real property income... | 0.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 | Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 | Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 | Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 | Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 0.00 | Other Income... | 0.00 | 0.00 |

## Additional Items as Designated, if any

## Remarks